IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARROLL A. WATKINS,<br>**Petitioner**<br><br>v.<br><br>MICHAEL D. KLOPOTOSKI, et al.,<br>**Respondents** | :<br>:<br>: CIVIL ACTION NO. 08-CV-5802<br>:<br>:<br>: |

## MEMORANDUM AND ORDER

Petitioner, Carroll A. Watkins, filed a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254.

Upon review it appears that this Petition contains both exhausted and unexhausted claims. To fairly present claims, Petitioner Watkins is first required to present the factual and legal substance of his claims to the Pennsylvania state courts in a manner which provides the state courts with notice that Petitioner Watkins is asserting a federal claim. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Petitioner Watkins must provide the Commonwealth with the opportunity to correct the alleged violation(s) of federal rights before presenting those claims in federal court. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887 (1995). Therefore, in accordance with *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198 (1982), the instant Petition may be denied and dismissed without prejudice as a mixed petition. Alternatively, the Court may reject on the merits the claims presented even though they were not properly exhausted, particularly where ". . . it is apparent that the claims in question lack merit." *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005).

Additionally, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999),

*Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and pursuant to 28 U.S.C. § 2244(b)(3)(A), Petitioner Watkins is hereby notified that he may not file a second or successive petition for *habeas corpus* relief pursuant to § 2254 unless there are exceptional circumstances and unless he has obtained permission from the Court of Appeals. Therefore, Petitioner Watkins will not be able to file another petition pursuant to 28 U.S.C. § 2254 which attacks the same conviction as he attacks in the instant petition unless Petitioner Watkins is able to demonstrate exceptional circumstances. Rather, in accordance with 28 U.S.C. § 2244(b)(2) Petitioner Watkins will be required to seek from the Court of Appeals a certificate prior to filing a second or successive § 2254 petition.

These are significant and potentially confusing matters for a layperson to consider. Thus, the Court will grant Petitioner Watkins additional time in which to carefully consider whether all of the claims raised in the instant petition for *habeas corpus* relief have been exhausted in the state court system. Petitioner Watkins also should consider carefully whether the instant petition raises all grounds for relief. The Court will give Petitioner Watkins permission to withdraw the instant petition, without prejudice to the right to file another comprehensive § 2254 petition, provided such a petition is timely.

Petitioner Watkins should note, however, that if the instant petition is withdrawn and if he intends to file a comprehensive § 2254 petition in the future, 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a § 2254 petition. This limitations deadline may affect Petitioner Watkins's decision to either stand on the instant petition or file a new, comprehensive

2

one.

The Court will grant Petitioner Watkins 30 days within which to decide whether to have the Court determine the instant petition or to withdraw it and file an all-inclusive § 2254 petition containing only exhausted, i.e., evaluated by the state courts claims. Therefore, Petitioner Watkins should complete the attached election form and return it to the Court within 30 days of the date of this Order. In the event that the election form is not returned within 30 days, the Court will rule on the instant petition. Petitioner Watkins should note that the 30 day period does not extend any applicable statute of limitations. Therefore, if the instant Petition is withdrawn, the statute of limitations continues to apply and may expire before Petitioner files a comprehensive petition, even if filed within the 30 day period.

The Court also notes that Petitioner Watkins did not file an application to proceed *in forma pauperis* utilizing this Court's current form, and Petitioner did not pay the required filing fee.

**AND NOW**, this 28th day of January 2009, **IT IS HEREBY ORDERED** that:

1. Petitioner Watkins is granted leave to elect, within 30 days of the date of this Order, to withdraw the current Petition or to have the petition construed and ruled upon pursuant to 28 U.S.C. § 2254;

2. Petitioner Watkins shall file, within 30 days of the date of this Order, the attached election form, indicating an election to withdraw the current Petition or to have the petition construed and ruled upon under 28 U.S.C. § 2254;

3. Failure to comply with this Order will result in the current petition being construed and ruled upon under 28 U.S.C. § 2254; and,

4. The Clerk of Court shall furnish Petitioner Watkins with a blank copy of this Court's current standard application to proceed *in forma pauperis* bearing the above-captioned Civil Action number; and,

5. Petitioner Watkins shall complete the application and return it to the Clerk of Court, or pay the $5.00 filing fee within thirty (30) days of the date of this Order, or this civil action will be dismissed without further notice to Petitioner Watkins.[1]

GENE E.K. PRATTER, J.

---

[1] If Petitioner returns the application to proceed *in forma pauperis*, he shall include the certification of a prison official or officials, as required.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARROLL A. WATKINS, :
    Petitioner :
     :
     : CIVIL ACTION NO. 08-CV-5802
v. :
     :
MICHAEL D. KLOPOTOSKI, et al., :
    Respondents

## ELECTION FORM

YOUR CHOICE ON THIS FORM, AS WELL AS THE FAILURE TO MAKE A CHOICE, WILL BE BINDING ON YOU AS RELATES TO YOUR LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY YOU HAVE CHALLENGED. READ CAREFULLY THE ORDER ACCOMPANYING THIS FORM NOTICE OF ELECTION.

    I, _____, Petitioner in the above-captioned case, have read the accompanying Order in its entirety and make the following election:

    \_\_\_\_ I choose to have the Court rule on my petition as filed under 28 U.S.C. § 2254. I understand that I may be forever barred from presenting in federal court any claim not presented in my petition. I further understand that by doing so I lose my ability to file a second or successive § 2254 petition absent certification by the Court of Appeals, and that the potential for relief is further limited in a
        second or successive petition.

    \_\_\_\_ I choose to withdraw the petition as filed so that I may file one all-inclusive petition which contains only exhausted claims pursuant to 28 U.S.C. § 2254 within the time allowed for such a petition.

I declare under penalty of perjury that the foregoing is true and correct.

_____ _____
(Signature)                             (Date)