IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARROLL A. WATKINS, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | 08-5802 |
| | : | |
| MICHAEL D. KLOPOTOSKI, et al., | : | |
| Respondents. | : | |

# ORDER

AND NOW, this 14th day of June, 2010, upon careful and independent consideration of Carroll Watkins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), the Respondents' Answer in Opposition (Doc. No. 10), the Report and Recommendation of United States Magistrate Judge David R. Strawbridge (Doc. No. 13), and Mr. Watkins' Objection to the Report and Recommendation (Doc. No. 15), it is ORDERED that:

1. Mr. Watkins' Objection (Doc. No. 15) is OVERRULED.[1]

---

[1] In his Report and Recommendation ("R&R"), Magistrate Judge David R. Strawbridge recommends that Mr. Watkins' Petition for Writ of Habeas Corpus should be denied and dismissed as untimely. Because Mr. Watkins filed an Objection to the R&R, this Court is required to "make a de novo determination of those portions of the report of specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c).

The Court has independently and thoroughly considered Mr. Watkins' arguments and factual assertions submitted to the Court in his Petition and his Objection. As an initial matter, Mr. Watkins' Objection is not responsive to the R&R, as it merely rehashes arguments previously made in his Petition. In his Petition, Mr. Watkins contends that his Petition is timely because, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the applicable one-year statute of limitations for filing his habeas petition should begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Specifically, Mr. Watkins contends that on January 23, 2006, he discovered notes of former Philadelphia Assistant District Attorney Gavin Lentz, which allegedly demonstrated a policy of discrimination in jury selection during the time period in which Mr. Watkins' trial took place. The notes formed the basis of a 1997 article in Philadelphia Magazine on the alleged practices of the District Attorney's Office. This article followed the public release of a videotape of Philadelphia Assistant District Attorney Jack McMahon advocating the striking of jurors on the basis of race. Though knowledge of the alleged discrimination was made public in 1997, Mr.

2. The Report and Recommendation (Doc. No. 13) is APPROVED AND ADOPTED.

3. Mr. Watkins' Petition (Doc. No. 1) is DENIED.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of Court is instructed to mark this case CLOSED for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

Watkins argues that January 2006 should be the start date for statute of limitations purposes because he could not have discovered the information about the alleged discrimination before then. Mr. Watkins cites Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005), a case involving the McMahon tape and similar issues. In Wilson, the Third Circuit ruled that the petitioner's discovery of the McMahon tape was a valid starting date for the statute of limitations to run under the AEDPA, even though petitioner's discovery was years after the tape became public. Id. at 661. In doing so, the court found that the petitioner, who was incarcerated on death row with little access to the outside world, was not required to monitor the local news for information that could potentially be useful to his case. Id. at 661-62.

Mr. Watkins' arguments are without merit. Mr. Watkins filed his habeas petition in December, 2008, well over a year after his discovery of the Lentz notes in January, 2006. Mr. Watkins apparently believes the statute should have been tolled in the interim because he had filed a second Post Conviction Relief Act ("PCRA") Petition after his discovery of the Lentz notes, which was under review at the time and later dismissed as untimely by the PCRA state court. However, the U.S. Supreme Court confronted this exact issue in Pace v. DiGuglielmo, 544 U.S. 408 (2005), and determined that a PCRA petition dismissed as untimely does not toll the AEDPA's statute of limitations period. Id. at 417. Thus, Mr. Watkins' petition is untimely regardless of when he could have discovered the Lentz notes through the exercise of due diligence.

Judge Strawbridge also notes - and the Court agrees - that Mr. Watkins could have discovered the McMahon tape or the Philadelphia Magazine article (which demonstrate the same underlying facts as the Lentz notes) when they became public in 1997. Unlike the petitioner in Wilson, Mr. Watkins' first PCRA petition was pending review in 1997. A reasonable person in his position would have been investigating opportunities for post-conviction relief, such as discussing factual developments with his PCRA counsel or considering the impact of widely publicized news on his case.

Thus, because the Court finds that Judge Strawbridge's analysis was appropriate and that the conclusions he reached were correct, Mr. Watkins' Objection is overruled, the R&R is approved and adopted, and Mr. Watkins' Petition for Writ of Habeas Corpus is denied.